UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

KENOL MARCELIN,

    Plaintiff,

vs.

WAFFLE HOUSE, INC.,

    Defendant.

_____

### DEFENDANT WAFFLE HOUSE, INC.'S
### NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

TO:    THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF FLORIDA
        MIAMI DIVISION

Defendant, WAFFLE HOUSE, INC. ("Defendant"),[1] by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 4.02, hereby removes this action, which is styled, Kenol Marcelin v. Waffle House, Inc., and designated Case No.: 2021-CA-26850, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which the action is now pending, to the United States District Court for the Southern District of Florida, Tampa Division. In support of this removal, and pursuant to 28 U.S.C. § 1446, Defendant states:

The Complaint in this premises liability, negligent security action was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on December 13, 2021, and was served upon Defendant's registered agent on January 24, 2022. A copy of the

---

[1] By seeking removal to ensure compliance with the federal statutory deadlines, Defendant, Waffle House, Inc., does not admit it is correctly named as the Defendant in this matter, as Plaintiff's Complaint identified an incident that occurred at a restaurant operated by Waffle House, Inc.'s wholly owned subsidiary, East Coast Waffles, Inc. As set forth in more detail herein though, both Waffle House, Inc. and East Coast Waffles, Inc. are diverse from Plaintiff.

1

Summons and Complaint are attached collectively hereto as **Exhibit "A."** The District Courts of the United States have original jurisdiction over this civil action as provided in 28 U.S.C. § 1332. Under that section, this Court has jurisdiction based upon complete diversity of citizenship between the parties and evidence that the amount in controversy exceeds the federal jurisdiction threshold.

### A. DIVERSITY OF THE PARTIES

**1. Plaintiff is a citizen of the State of Florida.**

Plaintiff, Kenol Marcelin ("Plaintiff"), is a resident of Miami-Dade County, Florida, and thus presumed to be a citizen of the State of Florida. (See Compl. ¶ 2.) Although one's residency is not synonymous with one's domicile or citizenship, there is a presumption that one's residence is their domicile, and a presumption also exists that a person's domicile continues to be that person's domicile until that party proves that his domicile has changed. Mitchell v. United States, 88 U.S. 350, 353 (1874) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); McDougald v. Jenson, 786 F.2d 1465, 1483 (11th Cir. 1986); Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966).[2]  Here, Plaintiff's residence is Miami-Dade County, Florida, and the presumptions apply such that Plaintiff is deemed a citizen of the State of Florida.

**2. Defendant, Waffle House, Inc., (as well as its wholly owned subsidiary, which Defendant represents as the correct party-Defendant) is a citizen of the State of Georgia.**

Defendant, WAFFLE HOUSE, INC., is a citizen of the State of Georgia, as it is a foreign corporation, incorporated under the laws of the State of Georgia with its principal place of business located at 5986 Financial Drive, Norcross, Georgia, 30071. (See Defendant's Annual

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Report Filing with the Florida Secretary of State, attached hereto as **Exhibit "B")**; see 28 U.S.C. § 1332(c).

Additionally, Defendant's wholly owned subsidiary, East Coast Waffles, Inc., which Defendant represents is the correct party-Defendant in this matter, is also a citizen of the State of Georgia, as it is a foreign corporation, incorporated under the laws of the State of Georgia with its principal place of business located at 5986 Financial Drive, Norcross, Georgia, 30071. (See East Coast Waffles, Inc.'s Annual Report Filing with the Florida Secretary of State, attached hereto as **Exhibit "C."**) Accordingly, upon the appropriate amendment, there remains complete diversity between the parties.

### B.  AMOUNT IN CONTROVERSY

The amount in controversy exceeds the minimum sum of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  As to the amount in controversy, Plaintiff's Complaint asserts only the state court jurisdictional threshold; specifically, that the claims at issue exceed the amount of $30,000.  (See Compl. ¶ 1.)  Accordingly, Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332.  See Roe v. Michelin N. Amer., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  Defendant presents the following in support of establishing the amount in controversy by a preponderance of the evidence:

> **1. Plaintiff's assessment of his case evidences that the Federal Jurisdictional Threshold is met.**

District courts give preference to the plaintiff's own assessment of the value of his case. See DeGeorge v. Geico General Insurance Company, 2012 WL 6212916, *2 (MD Fla. 2012) (finding diversity jurisdiction by analyzing details of demand letter in support of removal).  In

the instant case, Plaintiff sent a pre-suit demand letter dated March 10, 2021, requesting ($300,000.00) three hundred thousand dollars for Plaintiff's damages allegedly resulting from the incident that is the subject of Plaintiff's Complaint. (See Pl. Demand Letter, March 10, 2021, attached hereto as **Exhibit "D."**)

### 2. Plaintiff's alleged injuries and alleged past and future damages evidence that the Federal Jurisdictional Threshold is met.

Demand letters and settlement offers that provide specific information and good faith assessments regarding a plaintiff's claim for damages may be considered in determining the amount in controversy. See, e.g., Mick v. De Vilbiss Air Power Co., 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010); Lutins v. State Farm Mutual Automobile Ins. Co., 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010). In Plaintiff's demand letter, there is substantive discussion regarding Plaintiff's alleged injuries including cervical and lumbar spine disc herniations. (Exhibit D.)

As of the date of the demand letter, Plaintiff's past medical charges totaled $22,690.00 and his property damage claims totaled $51,949.60. (Exhibit D.) Additionally, the demand letter noted recommendations for continuing treatment, which is consistent with Plaintiff's allegation in the pleadings that he sustained "injuries in and about his body and extremities, suffered pain there from, suffered physical handicap, physical impairment, disability, disfigurement, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, property damage, loss of personal property, loss of wages in the past, loss of earning capacity in the future and aggravation of a previously existing condition" (Compl. ¶ 13). Accounting for the claims for past medical and property damage, future medical treatment, past lost wages, future loss of earning capacity, and pain and suffering, the amount in controversy is in excess of $75,000. See

Katz v. J.C. Penny Corp., Civil Action No. 09-CV-60067, 2009 WL 1532129 at *5-6 (S.D. Fla. June 1, 2009) (considering future medical costs and pain and suffering to support a finding that the jurisdictional amount in controversy has been established).

**3. Plaintiff's refusal to stipulate to damages below $75,000 evidences that the Federal Jurisdictional Threshold is met.**

This Court may also properly consider Plaintiff's refusal to stipulate that he is not seeking damages in excess of the requisite amount as further evidence that the amount in controversy exceeds $75,000.00. Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009); Morock v. Chautauqua Airlines, Inc., No. 807CV00210T17MAP, 2007 WL 1725232, at *2 (M.D. Fla. June 14, 2007). Here, the undersigned certifies that Plaintiff, by and through his counsel, has declined to stipulate that Plaintiff is not seeking damages in this matter in excess of $75,000.00.

**C. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Under the provisions of 28 U.S.C. § 1441, the right exists to remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division, which embraces the place where this action is pending. See 28 U.S.C. § 1441(a). Venue is properly in the Miami Division of the Southern District of Florida. This Notice of Removal is being timely filed within thirty (30) days after service of the Complaint on Defendant, as required by 28 U.S.C. §1446(b)(1). (Compl.)

**D. DEFENDANT PROVIDED THE STATE COURT WITH NOTICE OF REMOVAL**

Defendant filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, a Notice to State Court of Defendant's Filing Notice of

Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice to is attached hereto as **Exhibit "E."**  Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint in this Federal Court within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 2021-CA-026850 now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to this Federal Court.

Respectfully submitted this 23rd day of February, 2022.

                MOORE INGRAM JOHNSON & STEELE, LLP

                 /s/ Kimberly E. Young
                KIMBERLY E. YOUNG
                Florida Bar No.:  109590
                390 North Orange Avenue, Suite 625
                Orlando, Florida 32801
                Telephone (407) 367-6233
                Facsimile (407) 367-6234
                Primary e-mail: keyoung@mijs.com
                Secondary e-mail: sbsalsburystemen@mijs.com
                Counsel for Defendant, Waffle House, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record: Brett Borrow, The Borrow Law Firm, One Flagler Building, 14 NE 1st Avenue, Suite 514, Miami, Florida 33132, bborrow@borrowlaw.com and jrodriguez@borrowlaw.com.

        MOORE INGRAM JOHNSON & STEELE, LLP

        /s/ Kimberly E. Young
        KIMBERLY E. YOUNG
        Florida Bar No.: 109590
        390 North Orange Avenue, Suite 625
        Orlando, Florida 32801
        Telephone (407) 367-6233
        Facsimile (407) 367-6234
        Primary e-mail: keyoung@mijs.com
        Secondary e-mail: sbsalsburystemen@mijs.com
        Counsel for Defendant, Waffle House, Inc.